IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Singletary,            ) | C/A No. 0:10-0029-CMC-PJG |
|                              ) | |
|              Petitioner,     ) | |
|                              ) | **ORDER AND** |
| v.                           ) | **REPORT AND RECOMMENDATION** |
|                              ) | |
| Warden of FCI-Edgefield,     ) | |
|                              ) | |
|              Respondent.     ) | |
| _____ ) | |

The petitioner, James Singletary ("Singletary"), a self-represented federal prisoner, filed this habeas corpus action pursuant to 42 U.S.C. § 2241. In his Petition, Singletary seeks to have his criminal sentence for two charges of being a felon in possession of a firearm corrected in light of recent case law. He contends that his convictions for failure to stop for a blue light and escape are not violent felonies under recent case law, and his sentence should not remain enhanced under the Armed Career Criminal Act ("ACCA"). This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment.[1] (ECF No. 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 31.) Singletary filed a response in opposition, (ECF No. 33), the respondent filed a reply (ECF No. 34), and Singletary filed a sur-reply (ECF No. 35). Having carefully considered

---

[1] Also pending before the court is a motion filed by Singletary seeking information regarding communication that occurred between the respondent's counsel and the United States Attorney's office about his case. As Singletary seeks relief this court cannot provide in the procedural posture of this case, this motion (ECF No. 36) is denied.

Page 1 of 8



the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

## BACKGROUND

Pertinent to this matter is the following procedural background.[2] In 1998, Singletary pled guilty to two charges of being a felon in possession of a firearm and was sentenced as an armed career criminal to 216 months. Singletary appealed and this sentence was affirmed by the United States Court of Appeals for the Fourth Circuit on August 2, 1999. See generally United States v. Singletary, CR No. 4:98-240-CMC (D.S.C.). During the pendency of his appeal, Singletary filed his first § 2255 motion, which was summarily dismissed as premature by this court on January 22, 1999. See Singletary v. United States, C/A No. 4:99-121-CMC (D.S.C.). On July 24, 2000, Singletary filed a second § 2255 motion, raising numerous grounds of ineffective assistance of counsel. Summary judgment in favor of the United States was granted on April 5, 2001. The Fourth Circuit dismissed Singletary's subsequent appeal on September 5, 2001. See Singletary v. United States, C/A No. 4:00-2332-CMC (D.S.C.).

On March 2, 2005, Singletary filed a habeas corpus action under § 2241 in which he acknowledged that he sought leave from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. The Court of Appeals denied this request on November 19, 2001. This Court dismissed the § 2241 petition because Singletary's appropriate remedy was a successive § 2255

---

[2] The majority of this background is derived from prior proceedings involving the parties in the instant action, and the court takes judicial notice of these proceedings. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' "); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the court could take notice of its own files and records).



motion, but Singletary lacked authorization to file it as required by 28 U.S.C. § 2244. See <u>Singletary v. Lamanna</u>, C/A No. 6:05-0671-HFF (D.S.C.). Finally, on September 18, 2008, Singletary filed another § 2241 petition claiming he was actually innocent of the armed career criminal designation under 18 U.S.C. § 924(e) based on his allegation that his prior state court convictions are void as they were obtained in violation of his Sixth Amendment right to counsel. This court dismissed Singletary's petition, finding that he failed to meet the savings clause of § 2255 as he was attacking the validity of his sentence. The court stated that such a collateral attack falls within the purview of § 2255 and that Singletary's remedy lies in an application to the Fourth Circuit to file a successive petition under § 2255. On appeal, the Fourth Circuit affirmed the court's decision. See <u>Singletary v. United States</u>, C/A No. 0:08-3179-CMC (D.S.C.).

In his present Petition, Singletary again attacks the propriety of his sentence enhancement as an armed career criminal. However, Singletary now argues that based on recent case law he is "actually innocent" of being an armed career criminal under the Guidelines. Specifically, relying on the Supreme Court's decisions in <u>Begay v. United States</u>, 553 U.S. 137 (2008), and <u>United States v. Chambers</u>, 129 S. Ct. 687 (2009), and the rulings by the United States Court of Appeals for the Fourth Circuit in <u>United States v. Bethea</u>, 603 F.3d 254 (4th Cir. 2010), and <u>United States v. Roseboro</u>, 551 F.3d 226 (4th Cir. 2009),[3] Singletary argues that his convictions for failure to stop for a blue light and escape do not constitute violent felonies under the ACCA.

---

[3] The court observes that subsequent to <u>Roseboro</u>, the Fourth Circuit held that "under no circumstance is a violation of South Carolina's blue light statute a violent felony under the ACCA." <u>United States v. Rivers</u>, 595 F.3d 558, 560 (4th Cir. 2010).



## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

**C.     Discussion**

In this Petition, Singletary is again attacking the validity of his sentence, which is a claim that should normally be brought under 28 U.S.C. § 2255 unless Singletary can satisfy the savings clause of § 2255. See San-Miguel v. Dove, 291 F.3d 257, 260-61 (4th Cir. 2002).

The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). For a § 2255 motion to be



inadequate or ineffective to test the legality of a conviction, Singletary must satisfy the test provided in In re Jones, 226 F.3d 328 (4th Cir. 2000), which requires that

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Singletary cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines, even as to the armed career criminal provision. United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." ); see also United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34). Accordingly, Singletary has not raised a claim that may be presented in a § 2241 petition, and he has not demonstrated that he has been granted leave from the Fourth Circuit to file a successive § 2255 petition. The respondent is therefore entitled to summary judgment. See United States v. Kelley, CR No. 3:04-998-CMC, 2010 WL 5140593, *3-5 (D.S.C. Dec. 13, 2010); Riddle v. Mitchell, C/A No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. Apr. 27, 2010); Chestnut v. Mitchell, C/A No. 9:09-03158-RBH, 2010 WL 569577 (D.S.C. Feb. 12, 2010).

## RECOMMENDATION

Based on the foregoing, the court recommends that the respondent's motion for summary judgment (ECF No. 30) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 12, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).