IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| James Singletary, | ) | C/A NO. 0:10-29-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden of FCI – Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On January 13, 2011, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and the petition dismissed. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on January 27, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner argues in his objections that there is a "dispute over whether the savings clause 'can' extend to sentencing claims." Obj. at 2 (Dkt. #49, filed Jan. 27, 2011). Petitioner cites *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), in support of his position that claims such as his can be raised in a § 2241 motion. However, *Gilbert* was subsequently vacated by an *en banc* decision of the Eleventh Circuit Court of Appeals. *See Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010) (en banc). Additionally, Petitioner's position is foreclosed by the Fourth Circuit's decision in *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010).

The Government's motion for summary judgment is granted and this matter is dismissed without prejudice to Petitioner's right to seek leave to file a second or successive § 2255 motion from the Fourth Circuit Court of Appeals.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
January 31, 2011